FILED
June 26, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO. 03-14-00291-CV

## IN THE THIRD COURT OF APPEALS
## AUSTIN, TEXAS

MICHAEL GLENN MOTT,

Appellant

vs.

WILLIE EDWARD KELLAR AKA W.E. KELLAR;
JOSEPH G. TUCK, Individually;
TUCK & KIZER PLLC, a professional limited liability company;

Appellees.

Appeal from the 423rd District Court
Bastrop County, Texas

**Appellant's Reply Brief**

Michael Glenn Mott
8515 Ingrid Ave
Elgin TX 78621
512 718-4864

Appellant Pro Se

RECEIVED
AUG 2 8 2014
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# TABLE OF CONTENTS

INDEX OF AUTHORITIES                                      3

SUMMARY OF FACTS                                          4

1. THE DISTRICT COURT ERRED WHEN IT                       5
GRANTED SUMMARY JUDGMENT AGAINST
THE APPELLEE MICHAEL GLENN MOTT.

2. THE DISTRICT COURT DENIED THE                          6
APPELLANT DUE PROCESS OF LAW GUARANTEED
BY BOTH THE STATE AND FEDERAL CONSTITUTIONS.

3. THE DISTRICT COURT ERRED WHEN IT                       9
GRANTED SUMMARY JUDGMENT BASED
ON THE FORECLOSURE AND SALE OF THE
APPELLANT'S HOME AND REAL PROPERTY
THAT WAS NOT CONDUCTED IN ACCORDANCE
WITH SECTION 5.066 OF THE TEXAS PROPERTY CODE.

4. THE DISTRICT COURT ERRED WHEN IT                       10
GRANTED SUMMARY JUDGMENT TO THE
APPELLEE JOSEPH G. TUCK, INDIVIDUALLY AND
APPELLEE TUCK & KIZER PLLC.

5. MORE FACTUAL MISSTATEMENTS BY                          11
APPELLEES' COUNSEL IN THE RESPONSE TO
THE APPELLANT'S BRIEF IN CHIEF

CONCLUSION AND PRAYER                                     12

CERTIFICATE OF COMPLIANCE                                 14

CERTIFICATE OF SERVICE                                    14

# INDEX OF AUTHORITIES

## CASES

Armstrong v. Manzo, 380 U.S. 545, 552 (1965).                    8

Fuentes v. Shevin, 407 U.S. 67 (1972).                           8

Joint Anti-Fascist Refugee Committee v. McGrath,                 8
341 U.S. 123 (1951).

Nelson v. Adams, 529 U.S. 460, 120 S.Ct. 1579 (2000).           8

## STATUTES AND COURT RULES

Texas Property Code, Section 5.066.                              9

## APPELLANT'S REPLY BRIEF

Appellant Michael Mott appeals the judgment of the trial court prematurely granting summary judgment to the appellees. This reply to the appellees' responsive brief is necessary because that response brief mischaracterizes the record.

## SUMMARY OF FACTS

Appellant Mott owns real property which he purchased in a contract for deed from appellee / defendant Kellar. After purchasing the property, Kellar refused to deliver Mott a general warranty deed to the property. Kellar and appellee / defendant Joseph Grady Tuck then conspired together to fraudulently convert the title and ownership of the property to themselves.[1] In furtherance of that conspiracy, Kellar and Tuck denied that Kellar had in fact already been paid, apparently hoping to take advantage of the destruction of plaintiff's personal property, financial records, and personal effects caused by the recent Bastrop fire. Mott then filed the petition in the present case requesting injunctive relief and the imposition of a constructive trust. (Appellant's Appendix B) Defendant / appellees Kellar and Tuck requested the trial court to grant summary judgment based solely based on the false contention that after more than ten years of

---

[1] See Notice of Trustee's Sale attached to the Appendix to Appellees' Response Brief as Exhibit K in which defendant / appellee Tuck is designated as trustee.

4

payments Mott had arbitrarily stopped payment on the contract for deed. (Appellant's Appendix B)   On appeal, Kellar and Tuck  attach  defendant / appellee  Kellar's  own record of payments supposedly made, but actually that "record" is incomplete in that it does not include payments that were made on the contract for deed after August 2012.. (Appellees' Appendix E)   It appears that Kellar and Tuck simply tore the final pages out of Kellar's receipt book.  In any event, that incomplete record of receipts was never presented to the trial court judge and was instead attached as an appendix to the appellees' responsive  brief on appeal.  (Motion for Summary Judgment attached as Appellant's Appendix G)

## 1.    THE DISTRICT COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT  AGAINST THE APPELLEE MICHAEL GLENN MOTT.

To determine the legitimacy of the subject order granting summary judgment, one need look no further than the defendant / appellees' motion for summary judgment (Appellant's Appendix G)  and appellant Mott's response to that motion (Appellant's Appendix H) .  Notably absent from that motion for summary judgment is any meaningful contention that the contested issues in this case are so undisputed as to warrant summary disposition.  As his own attorney, the defendant Tuck did not even bother to submit a sworn affidavit or declaration in support.  On the other hand, the plaintiff / appellant's response to that motion

shows the following principal fact to be in dispute, i.e., whether Mott defaulted in his payments on the contract for deed.

Apparently recognizing this deficient basis for summary judgment, appellees' response on appeal includes a handwritten and partial record of receipts purported to have been received by Kellar. This was never presented to the trial court judge, and the learned counsel for the appellee must realize that she can't just throw anything she wants into the appellate record that was never shown to the trial court judge first.

As for the trial court, the one sentence order granting summary judgment being appealed from states absolutely no basis for summary judgment other than to state that the motion for summary judgment should be granted. Appellant's Appendix I)   The defendant Tuck was successful in' sliding this by' the trial court judge, and now he has hired a new face just out of law school to try to pull the same thing with the Court of Appeals.[2]

## 2.   THE DISTRICT COURT DENIED THE APPELLANT DUE PROCESS OF LAW GUARANTEED BY BOTH THE STATE AND FEDERAL CONSTITUTIONS.

Appellant's second proposition of error focuses on the outright denial of due

---

[2] The appellant congratulates appellees' new counsel, Ms. Michelle Lubbert, on her recent graduation from law school and admission to the bar within the past few months.

process by the trial court in rushing this case to judgment:

When it was discovered that defendant Joseph Grady Tuck was personally implicated as a co-conspirator with the defendant Kellar, and that he (Tuck) intended to represent all of the defendants (including himself his firm, and defendant Kellar), the plaintiff Mott immediately moved to disqualify both Tuck and his firm from acting as counsel. The trial court completely ignored the motion to disqualify and refused to set the matter for hearing. On appeal the new lawyer for the appellees, Ms. Lubbert, repeatedly claims in her response brief that the plaintiff Mott never requested a hearing. (Appellant's Appendix F & K) This is not true. Along with his motion to disqualify counsel, Mott submitted a request and notice of hearing which the trial court never considered.

Secondly, as indicated in the appellant's brief in chief, at the hearing on the motion for summary judgment, the trial court went off the record and proceeded to conduct what amounted to an evidentiary hearing, or better put, a one-on-one unsworn private conference with Joseph Grady Tuck. Immediately thereafter, the trial court judge granted summary judgment.

Third, the trial court judge amended his order of summary judgment to handwrite an award of attorney fees and costs. (See Amended Order at Appellees' Appendix D) The amendment of a judgment to impose attorney fees and costs is invalid without giving the opposing party notice and the opportunity to dispute.,

7

Nelson v. Adams, 529 U.S. 460, 120 S.Ct. 1579 (2000)(reversing the court of appeals on the basis of Fifth Amendment due process) . On appeal, the new lawyer for the defendant / appellees repeatedly complains that the plaintiff / appellant did not object to these blatant violations of due process. How could he have done so? By the time the plaintiff knew about the deprivation of due process the case before the trial court was over. The appellant specifically delineated this error in his brief-in-chief - What more could he have done? In this respect, the arguments of appellee that error was not preserved are frivolous.

The right to due process is a "basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment ..." Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972). *See* Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 170-71 (1951) (Justice Frankfurter concurring). Thus, notice of hearing and the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

## 3. THE DISTRICT COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT BASED ON THE FORECLOSURE AND SALE OF THE APPELLANT'S HOME AND REAL PROPERTY THAT WAS NOT CONDUCTED IN ACCORDANCE WITH SECTION 5.066 OF THE TEXAS PROPERTY CODE.

With respect to this proposition of error, appellees' motion for summary judgment does not pretend to have complied with this section of the Property Code. At paragraph 5 of that motion, defendant appellee Joseph Grady Tuck states

> On August 7, 2012, the Property was foreclosed upon by Willie Edward Kellar, as evidenced by Trustee's Deed of the same date, naming Willie Edward Kellar as the foreclosure buyer.

In her responsive brief on appeal, appellees' new counsel once again attempts to include a series of documents that were never presented to the trial court in support of appellees' motion for summary judgment. She is either being intentionally loyal and/or intentionally deceitful respecting her marching orders from her defendant boss (Joseph Grady Tuck), or she doesn't know the rules. In this case, what is important is not whatever she can now come up with on appeal to buttress the record. Instead, the Court of Appeals is entitled to focus its attention on what was presented to the trial court as a basis for summary judgment in the first place. My bet is that she simply does not have sufficient experience with appellate procedures to understand how the appellate record is legitimately established and

9

considered.   (As the Court of Appeals register indicates, Ms. Lubbert's original attempt to file a response to the appellant's brief-in-chief was rejected because she had failed to follow the appellate rules of procedure.)

Appellees' counsel has now on appeal included documentation that is helpful to the appellant rather than to her client.   For example, as discussed above, it is appellees' counsel that included a copy of the Notice of Trustee's Sale (attached to the Appendix to Appellees' Response Brief as Exhibit K)  in which defendant / appellee Tuck is designated as trustee.   This itself casts doubt  on the validity of the sale of the property  itself, to say nothing of personally implicating Joseph Grady Tuck as being something more than just a disinterested advocate for the defendant Kellar.   The sale of the property that is the subject of this lawsuit was not accomplished in accordance with Texas law and should be set aside.

## 4.   THE DISTRICT COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE JOSEPH G. TUCK, INDIVIDUALLY AND APPELLEE TUCK & KIZER PLLC.

As pointed out in the appellant Mott's brief-in-chief, a thorough review of the defendant appellees' motion for summary judgment does not reveal any request for summary judgment in favor of defendants Joseph Grady Tuck, individually, or his law firm. These named defendants are not even mentioned.

Apparently this is a subject to be avoided because Ms. Lubbert makes no mention of this issue – and for good reason.   How can a trial court grant summary

10

judgment on behalf of a party when it is not even requested? She is hoping the Court of Appeals will not notice this deficiency, so she attempted to obscure her supervisor's failure. It is perhaps no coincidence that Ms. Lubbert did not include in her appendix the principal documents germane to the disposition of this appeal, namely the defendants' motion for summary judgment and the appellant's response to that motion. The error of the trial court judge is apparent when the portions that Ms. Lubbert has redacted are considered.

### 5. MORE FACTUAL MISSTATEMENTS BY APPELLEES' COUNSEL IN THE RESPONSE TO THE APPELLANT'S BRIEF IN CHIEF

Giving Ms. Lubbert (appellees' counsel) the ethical benefit of the doubt, it is quite possible that she never read the case file before she wrote her response brief. At page 4 of that brief she states, "Michael Glenn Mott has failed to respond to appellees' discovery requests and to pursue this litigation any further." That is not true. The plaintiff submitted a full set of written discovery (including requests for admission, interrogatories, and requests for production) to the appellees and their counsel. The appellees provided no substantive response, only a series of frivolous objections. On the other hand, the plaintiff appellant received and responded to the discovery served on him by the appellees' counsel Any suggestion by Ms. Lubbert that "Michael Glenn Mott failed to respond to

appellees' discovery requested and to pursue this litigation any further" is mistaken and misinformed.

Ms. Lubbert's responsive brief states at page 3:

> "Appellant filed a Petition . . . against Appellee Willie Edward Kellar, and adding Appellees Joseph G. Tuck and his partnership Tuck & Kizer Law Group, PLLC . . . requesting injunctive relief from foreclosure."

"Adding Tuck and his law firm as defendants"? Hardly. Notwithstanding Lubbert's transparent attempt to mischaracterize plaintiff Mott as some kind of vexatious litigant, Tuck was immersed in this conspiracy with Kellar from the start, and his involvement in the fraudulent transfer as an active party rather than merely as an advocate invokes his (Tuck's) personal liability. In preparing her responsive brief in this appeal, Ms. Lubbert was presented with a record in which the trial court had prematurely granted summary judgment with no legal or factual basis for doing so. Instead of attempting to show that the trial court judgment should be affirmed, Ms. Lubbert has attempted to obscure that record so that the appeals court will never reach the merits of this appeal. This is not effective appellate advocacy, it is blatant deceit. Neither Mr. Lubber, her boss, nor her clients do not deserve serious consideration.

## CONCLUSION AND PRAYER

Where is the proof that was presented to the trial court that conclusively disproves at least one element of the plaintiff's stated cause of action? That

12

"proof" doesn't exist, but Ms. Lubbert avoids this critical dispositive issue by not including the motion for summary judgment in her appendix, and she certainly doesn't argue that the trial court's actions were justified by the documents submitted with that motion for summary judgment. The papers she does file are largely irrelevant (if not purposely misleading) for present consideration. Ms. Lubbert's response brief serves only to demonstrate that she, as a new lawyer, was pressured to write by a boss who himself should not be representing anyone because of his own personal scurrilous involvement in this case. Insofar as liability is concerned, Joseph Grady Tuck is involved up his neck, and no amount of eloquent words from the charming Ms. Lubbert should be of any consequence. Appellees are not entitled to summary judgment, and they are not entitled to have the actions of the trial court judge sustained on appeal.

WHEREFORE, appellant Michael Glenn Mott prays that this court vacate the summary judgments granted to the appellees, and that the case be remanded to another district court judge. Appellant also requests an award of costs.

Respectfully submitted,

Michael Glenn Mott
8515 Ingrid Ave
Elgin TX 78621
512 718-4864
*Appellant Pro se*

13

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations.

_Michael G. Mott_
Michael Glenn Mott

## CERTIFICATE OF SERVICE

This to certify that on the 22nd day of August, 2014, a true and complete copy of the above and foregoing APPELLANT'S REPLY BRIEF was mailed to opposing counsel at the following address via United States Postal Service:

Joe Grady Tuck
Tuck & Kizer, PLLC
906 Main Street
Bastrop, TX 78602
DEFENDANT – APPELLEE PRO SE

Michelle Lubbert
Tuck & Kizer, PLLC
906 Main Street
Bastrop, TX 78602
ATTORNEY FOR THE DEFENDANT – APPELLEE WILLIE EDWARD KELLAR AND JOE GRADY TUCK

_Michael Glenn Mott_
Michael Glenn Mott, Appellant

14

Michael Mott
8515 Ingrid Dr.
Elgin Tex
78621

3rd Court of Appeals
209 W. 14th St.
Austin Texas
78701

Attn. Court Clerk

UNITED STATES
POSTAL SERVICE

1000

78701

U.S. POSTAGE
PAID
BASTROP TX
AUG 25 14
AMOUNT

$1.61
00052884-10
